have equal force in a case like the present. The libel must therefore be dismissed. Inasmuch as the libellant stated upon the trial that the action was brought to try the question of law, and that no costs beyond disbursements would be asked by the libellant in case of a recovery, no costs will be awarded on this decree against the libellant except disbursements.

## Case No. 12,669

### The SENECA.

[See Case No. 16,251.]

## Case No. 12,670.

### The SENECA.

[3 Wall. Jr. 395; [1] 6 Pa. Law J. 213; 18 Am. Jur. 486; 4 Haz. Reg. Pa. 248.]

Circuit Court, E. D. Pennsylvania. April Term, 1829.[2]

SHIPPING—MASTER—POWER TO APPOINT—DISAGREEMENT OF OWNERS—COMPULSORY SALE OF VESSEL.

1. Where two equal joint owners of a ship, differing as to which of the two was entitled to appoint the master, there being no difference between them, as to the destination of the vessel, and one of them insisting to undertake a voyage in person, as master, in opposition to the will and equal rights of the other part owner, the other applied by petition, asking either for the sale of the joint property, or that he might be permitted to send the vessel to sea under a master of his own appointment; held, that a sale of the vessel ought to be decreed.

[Cited in Tunno v. The Betsina, Case No. 14,236; The Ocean Belle. Id. 10,402; Coyne v. Caples, 8 Fed. 640; Head v. Amoskeag Manuf'g Co., 113 U. S. 23, 5 Sup. Ct. 447.]

2. The jurisdiction of the district court, under the 9th section of the judiciary act of 1789 [1 Stat. 76], embraces all cases of a maritime nature, whether they be particularly of admiralty cognizance or not; and such jurisdiction, and the law regulating its exercise, are to be sought for in the general maritime laws of nations, and are not confined to that of England, or any other particular maritime nation.

[Cited in Tunno v. The Betsina, Case No. 14,236; Kynoch v. The S. C. Ives, Id. 7,958.]

[See The Comet, Case No. 3,050; Haller v. Fox. 51 Fed. 298.]

3. The provisions of the French marine law which authorize a compulsory sale of a vessel, in case of partners disagreeing about the use of her, are part of the general law of admiralty binding on the courts of the country.

[Cited in Tunno v. The Betsina, Case No. 14,236.]

This case came before this court by appeal from the district court, in which a petition was filed on the 4th of December, 1828, by Davis & Brooks, merchants of the city of New York, stating that they were owners of one-half of the brig Seneca, then lying in the port of Philadelphia, and that the remaining half part belonged to Captain Hen-

1 [Reported by John William Wallace, Esq., and here reprinted by permission.]

2 [Reversing Case No. 3,650.]

ry Levely; that Captain Levely had had possession of the brig for several months, having the sole control thereof, and had proceeded on certain voyages to the detriment and dissatisfaction of the late part owners (from whom the brig was purchased by the petitioners), and then again threatened to take the vessel to sea without the consent of the petitioners, and to their great detriment; the petitioners further stated that finding themselves in a very inconvenient situation by the conduct of Captain Levely, they had repeatedly offered to sell their share to him at a reasonable price, or to purchase his share on sufficient terms, or to sell the entire vessel at a public sale; or to send her to sea with a master appointed by themselves; but that the said Captain Levely had obstinately refused to adopt either of these courses, and persisted in declaring that he would take the vessel to sea. In consideration of these circumstances, the petitioners prayed an attachment against the vessel, and a citation to Captain Levely to show cause, why the court should not grant an order for the sale of the said vessel; or why the petitioners should not be permitted to send her to sea with a master appointed by themselves. The attachment and citation were granted—and after argument, the judge of the district court (Judge Hopkinson) delivered an elaborate opinion against the authority of the court to order a sale of the vessel, and decreed that neither of the prayers of the petitioners could be granted and that the petition be dismissed. [Case No. 3,650]. From this decree the petitioners appealed. After the cause came into this court, the appellants obtained leave to amend their petition, which amended petition, after repeating the various offers made by them to the respondent, as set forth in the original petition, and with more precision as to the last of them, stated their offer that the brig should be sent to sea on a designated voyage, under the charge of a master to be agreed upon by both parties, all of which offers they stated were refused. That the respondent had obtained and now retains possession of the brig, in an illegal manner, and against the will of the petitioners,— that he had recently appointed a master to command her, without the assent of the petitioners, and now threatens to send her on a voyage under the person so appointed by himself, without their concurrence and against their consent, whereby they would be deprived of their moiety of the profits of the vessel. The prayer was, that the respondent might be restrained from taking or sending the brig to sea, and that a sale of the brig be decreed, or that the petitioners might be permitted to send the vessel to sea on a voyage proposed by them. The amended answer denied that the offers stated in the amended petition were made;—it stated that the respondent proposed to the petitioners that she should be fitted out and employ-